## FULD v. THOMPSON et al.

Court of Common Pleas. Sussex. April, 1796.

*Bayard's Notebook, 135.*

---

* This case is also reported in *Wilson's Red Book, 105.*

The defendants offered in evidence a paper purporting to be a release from the plaintiff to John Davis, one of the defendants. The execution was witnessed by one Samuel Carpenter, who was proved to reside in Philadelphia. James Wiley was present when the instrument was executed but did not witness it. The defendants proposed proving the execution of the release by Wiley and cited 1 Esp.N.P. 1.

The counsel for the plaintiff insisted that the instrument could be proved only by the person, whom the parties had called upon to attest it.

PER CURIAM. We take the rule to be that where there is a witness to an instrument, if he or his testimony by reasonable diligence can be obtained, the Court cannot dispense with the proof. An instrumentary witness is called on solemnly to attest an instrument; he must certainly be a better witness than a person casually present. It is not shown that any steps have been taken to obtain Carpenter's evidence. We therefore cannot allow the instrument to be proved by anybody else.

The release was not read.

The plaintiff obtained a verdict for £400. The value of the property destroyed did not exceed probably £150. But the plaintiff had been put to great personal inconvenience, trouble, and loss.

The counsel for the defendants moved for a new trial on the ground of excessive damages.

The counsel for the plaintiff contended that the courts in case of torts had never interfered on the ground of excessive damages.

BASSETT, C. J., was of opinion that the action being for a tort the Court could not set aside the verdict on the ground of excessive damages.

RODNEY, J., was of a different opinion.

The Court being divided the cause stood over on the motion till the next term, when, JOHNS, J., concurring with the CHIEF

JUSTICE, the defendants took nothing by their motion and the plaintiff had judgment.

*Ridgely* and *Bayard* for plaintiff. *Peery, Wilson* and *Hall* for defendant.